MRS. GEORGE ROSS, Respondent, v. MAY, STERN & COMPANY, Appellant.

**St. Louis Court of Appeals, March 5, 1912.**

1. **REPLEVIN: Right of Possession: Burden of Proof.** To maintain replevin, plaintiff must show a general or special property in himself with respect to the goods sued for.

2. **RES ADJUDICATA: Judgments: Replevin: Defective Verdict.** Where, in replevin to recover goods, which were delivered to the plaintiff under the writ, the burden was on the plaintiff to show general or special property in himself with respect to the goods, and a general verdict was rendered for the defendant, which was defective as a verdict in replevin for failure to find whether the defendant had the right of property or the right of possession only at the commencement of the suit, and, if either, then to find the value of the property and damages for withholding the same, as required by sections 7779, 7780, Revised Statutes 1909, but judgment was rendered on the verdict as rendered, and no appeal was taken therefrom, such judgment constituted a conclusive adjudication between the parties as to the defendant's right of property in the goods, and was, therefore, conclusive of that question in a subsequent action by the defendant in the replevin suit against the plaintiff in that suit, for conversion of the goods.

Appeal from St. Louis City Circuit Court.—*Hon. George H. Shields*, Judge.

AFFIRMED.

*H. A. Loevy* for appellants.

(1) Instruction of nonsuit has been given because: (a) By the judgment in the replevin suit all questions litigated or that could have been litigated in that case became *res judicata,* and the trial court had no power in this case to build up or work out a different judgment from that rendered therein. (b) The goods sued for were delivered to appellants by the constable under a valid writ in a valid replevin suit against respondent. The judgment in the replevin

suit did not command or require a return of the property nor assess its value, therefore, appellants could not be and were not in the position of unlawfully withholding it from respondent or converting it, and were therefore entitled to retain it under that judgment, or under the terms of the chattel mortgage on the property, condition thereof having been broken by respondent by long-continued default in payment of purchase price. (c) The *probata* do not sustain or correspond with the *allegata.* The latter shows a claim of general ownership, the former shows an alleged title under a judgment, which does not confer any. (2) Instructions for respondent (plaintiff) are erroneous: Instruction 1 is wrong because the judgment in the replevin case does not furnish the construction given it by the trial court in this case. (3) The court erred (a) in excluding respondent's note and the chattel mortgage to appellants securing it, and (b) in refusing instruction based thereon offered by appellant for reasons set forth in point 1. Authorities in support of these three points: 23 Cyc. 866; 8 Words and Phrases, 7294, 1st col.; Sewell v. Glidden, 1 Ala. 52; Wells Replevin, sec. 741, p. 623, and sec. 749; 22 Ency. Pl. and Pr. 875; Britton v. Birdell, 228 Mo. 633; Caldwell v. Ryan, 210 Mo. 22; Hanlon v. O'Keefe, 55 Mo. App. 532; White v. Van Houten, 51 Mo. 579; Morrison v. Yancey, 23 Mo. App. 672; Cates v. Nickell, 42 Mo. 70; Dawson case, 111 Mo. App. 538; Benne v. Miller, 149 Mo. 228; Johnson v. Grayson, 130 S. W. 690; Hennelly v. Arbuckle, 13 Mo. 209; State v. Clifford, 128 S. W. 859.

*R. G. Meigs* and *Jno. B. Dempsey* for respondent.

(1) This judgment rendered by the justice and entered in his docket was the proper one on such a verdict. R. S. 1909, sec. 7517; Stroud v. Morton, 70 Mo. App. 647. (2) And while not in full accordance

with the provisions of the statute governing judgments in justice courts, yet the plaintiff (appellant here), having taken no appeal therefrom will be held to have waived the defect. Dixon v. Atkinson, 86 Mo. App. 24; Herring v. Corder, 49 Mo. App. 378; Cobbey on Replevin, secs. 1063-4; Hopper v. Hopper, 84 Mo. App. 117. (3) A verdict for plaintiff in replevin will not be set aside because the jury did not find damages. Cobbey on Replevin, sec. 1074. (4) A verdict for defendant in an action of replevin will not be set aside for failure of the jury to assess the value, where the property is in possession of plaintiff, and the court may render a judgment for the return of the property to defendant. Stroud v. Morton, 70 Mo. App. 647.

NORTONI, J.—This is an action in trover as for conversion. Plaintiff recovered and defendant prosecutes the appeal. The subject of the controversy is a small parcel of household goods valued at something over one hundred dollars, and the question for consideration relates to the fact that the court accepted and treated a prior defective verdict and judgment in replevin between the same parties touching the same subject-matter as conclusive with respect to plaintiff's right of property and possession thereafter.

The evidence tends to prove that plaintiff owned the household goods in controversy, and that she had possession thereof at the time the replevin suit was instituted against her is not questioned. Defendant claimed to be entitled to the possession of the goods under a chattel mortgage which it held thereon for a portion of the purchase price. Under this claim defendant instituted a replevin suit against plaintiff here, and the household goods involved were delivered to defendant by the constable under the writ in replevin. The replevin suit was instituted and tried be-

fore a justice of the peace. At the conclusion of the trial, the verdict and judgment therein were for the defendant in replevin, or the plaintiff in the present suit, in conversion. But though the verdict and judgment were for the defendant in the replevin suit before the justice, they were defective when measured by the requirement of the statutes in such cases. The statute (Secs. 7779, 7780, R. S. 1909) concerning the verdict and judgment in replevin before a justice of the peace when the property in dispute shall be delivered to the plaintiff therein and the verdict and judgment are for the defendant in replevin provide, substantially, as follows: Section 7779 provides that where the property has been delivered to the plaintiff and the finding is for the defendant, the justice or jury shall find whether the defendant had the right of property, or the right of possession only at the commencement of the suit, and if they find either in favor of the defendant they shall also find the value of the property or the value of the possession and such damages for withholding the property as may be just. Section 7780, relating to the judgment which should be entered on such a state of facts, provides that the judgment shall be against the plaintiff and the sureties for the return of the property, or that they pay the value so assessed in the discretion of the defendant, or the value of the possession of the same in case a return cannot be had or shall not be ordered and for the damages assessed and cost of suit. In the suit in replevin with which we are now concerned, neither the verdict nor judgment conform to the statutory requirements quoted. The jury returned a verdict in the replevin suit as follows: "We, the jury, find for the defendant." On this verdict the justice adjudged that plaintiff recover nothing from the defendant and that the plaintiff pay the costs of the action. No appeal was prosecuted from the judgment of the justice

164 App.—26

in the replevin suit and notwithstanding the verdict for the defendant therein, plaintiff here, the plaintiff therein, defendant here, who had acquired possession of the property under the writ of replevin, continued to hold possession of the household goods and this, too, after demand therefor on the part of the present plaintiff in whose favor the verdict and judgment in replevin were given. As the defendant, who was the plaintiff in replevin, refused to surrender the household goods to plaintiff, who was defendant in replevin, she instituted this suit in conversion for the value thereof.

On the trial of the present suit, the plaintiff introduced evidence tending to prove that she owned the property and that it was in her possession at the time defendant instituted the replevin suit against her. It was shown, too, that defendant took the property out of her possession under the writ of replevin as above detailed and still held it notwithstanding the verdict and judgment therein in her favor. Plaintiff introduced the verdict and judgment in replevin in evidence over the objection of defendant, and the court by rulings on evidence and instructions to the jury accepted such verdict and judgment in the replevin suit, though defective in form, as conclusive to the effect that defendant was not entitled to withhold the property from plaintiff, or, in other words, that plaintiff was entitled to have the same returned to her as the owner thereof after such verdict and judgment from which no appeal was prosecuted. Touching this matter, the court instructed the jury at the instance of plaintiff as follows: ''If you believe from and find the evidence that the plaintiff was the owner of and had the possession of the property in controversy; that prior to the commencement of this action the said property was taken from the possession of the plaintiff by a constable acting under the authority of law in a proceeding pending in a justice court; that said

property was delivered to and received by the defendants herein from said officer; that thereafter upon a trial and hearing of the proceedings, a judgment was rendered in said cause in favor of the plaintiff and against the defendants, and that no appeal was taken from said judgment, then said cause was fully determined; and in such case the court instructs you that the plaintiff herein was entitled to have said property returned to her by the defendants, and if you find that after the determination of the action instituted by defendants against this plaintiff that they refused and neglected to return said property to her, that she demanded the return thereof, and defendants refused to return the same, such refusal constitutes a conversion of the property and the jury should find for the plaintiff."

It is argued the court erred throughout the trial in so accepting and treating the verdict in replevin as conclusive between the same parties as to plaintiff's right as owner and to have possession of the goods, but we are not so persuaded. Plaintiff introduced evidence tending to prove that she owned the goods, and the case concedes that she had possession thereof under her claim of ownership when the replevin suit was instituted. By the instruction above set forth, it appears the court required the jury to find from the evidence that plaintiff was the owner and had possession of the property at the time of the institution of the replevin suit. But, it is argued, a mere general verdict and judgment for defendant in replevin such as above set out, avails nothing, for the reason the statute requires the jury to find whether the defendant had the right of property or the right of possession only at the commencement of the suit and if either is found in favor of the defendant, then the value of the property should be ascertained and damages for withholding the same. The statute concerning the judgment in replevin is a counterpart only

of that which pertains to the verdict or finding of the justice and prescribes the form of the judgment to be entered thereon. The verdict and judgment for a defendant in replevin is not to be treated as a nullity between the parties to the suit, in a collateral proceeding, because of the fact that it fails to find the value of the property, or the value of possession, for such is a right accorded to the prevailing defendant, to the end of recovering damages in lieu of the property, if he so elects. Notwithstanding such omission, he is entitled to his property at any rate. In a case much resembling this one, our Supreme Court said if the verdict in replevin affirmed the right of property in the plaintiff in conversion, it should be treated as sufficient though it omitted to find as well the value of such property or the possession. In other words, the Supreme Court declared that if the verdict in replevin was sufficient to establish the right of property in the defendant in replevin, who subsequently became the plaintiff in conversion, as here, it should be treated as conclusive between the same parties in a subsequent conversion suit though it omitted to find the value of the property or the value of possession. [Caldwell v. Ryan, 210 Mo. 17, 108 S. W. 533.]

Under the authority of that adjudication, there remains, then, for consideration here only the matter of the verdict in replevin being defective in its failure to find whether the defendant therein had the right of property or the right of possession only at the commencement of that suit. Touching this matter, all of the evidence shows that plaintiff here, who was defendant in the replevin suit, was in possession of the property at the time the suit was instituted under a claim of ownership. In this situation of affairs, the defendant here, as plaintiff in replevin, instituted the replevin suit against her. No one can doubt that in replevin the plaintiff must recover on the strength of his own title and not on the weakness

Ross v. May, Stern & Co.

of that of the defendant. To maintain replevin, the plaintiff must show a general or special property in himself with respect to the goods in suit. [Wright v. Richmond, 21 Mo. App. 76.] With this burden on the plaintiff in replevin and the fact conceded, as the record here discloses, that the goods belonged to the defendant in replevin, if the plaintiff was not entitled to possession, we believe a general verdict for defendànt to be sufficient to determine her mere right of property in the goods conclusively between the same parties for the purpose of a subsequent suit in conversion. In the replevin suit, the burden was on the plaintiff to show that it had a general or special property in the goods which entitled it to the possession and the general verdict returned by the jury affirmed that it had neither. The present case in conversion concedes throughout that the plaintiff, who is the defendant in replevin, claimed the property solely as owner and not under a right of possession only. When this fact is considered, it is obvious the verdict in replevin, though defective, denied the right of the plaintiff in that suit to possession of the property as either a general or special owner thereof and responded to the claim that the defendant there, who is plaintiff here, was the owner. In this view, the court was justified in accepting that verdict and judgment as *res adjudicata* to that extent between the same parties.. The judgment should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Caulfield, J.,* concur.